UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEALTH & SUN RESEARCH, INC.
d/b/a Kava Kava Intl. and
Vegas Tan,

    Plaintiff,
v.                                 Case No. 8:12-cv-2319-T-33MAP

AUSTRALIAN GOLD, LLC,

    Defendant,
_____/

AUSTRALIAN GOLD, LLC,

    Counter-Plaintiff,
v.

HEALTH & SUN RESEARCH, INC.
d/b/a Kava Kava Intl. and
Vegas Tan,

    Counter-Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Australian Gold, LLC's Sealed Motion to Exclude Testimony of Gary L. Raines (Doc. # 44), filed on August 16, 2013. Plaintiff Health and Sun Research, LLC filed a sealed Response in Opposition to the Motion (Doc. # 49), and on September 27, 2013, Australian Gold filed a sealed Reply (Doc. # 54). For

the reasons that follow, the Court denies the Motion without prejudice.[1]

## I. Background

On October 11, 2012, Health and Sun filed a three count Complaint against Australian Gold asserting violation of the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement under Florida Law, and common law unfair competition. (Doc. # 1). Australian Gold filed an Answer to the Complaint and asserted the affirmative defenses of abandonment, laches, and trademark misuse. (Doc. # 27). In addition, Australian Gold lodged counterclaims against Health and Sun for trademark infringement and abuse of process/trademark misuse. (Id.).

Health and Sun has retained a Certified Public Accountant, Gary Raines, to offer expert testimony at trial. Raines's resume (Doc. # 44-2 at 5), initial Expert Report (Doc. # 44-2), rebuttal Expert Report (Doc. # 44-4), and

---

[1] Although the parties' submissions before the Court were filed under seal, the Court declines to file the present Order under seal. "The operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007)(internal citations omitted).

deposition transcript (Doc. # 44-1) are before the Court. Raines does not purport to be an expert on trademark infringement law. Nor does Health and Sun offer his testimony on the issue of whether Australian Gold's products infringe Health and Sun's marks. Rather, Raines's reports address the issue of Health and Sun's damages in the instance that Australian Gold is found to have infringed Health and Sun's marks.

At this juncture, Australian Gold seeks an Order striking Raines's testimony based on a plethora of grounds, including that "Raines fails every requirement of Rule 702." (Doc. # 44 at 1).

## II. **Discussion**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Rule 702 is a codification of the Court's landmark case of <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). In <u>Daubert</u>, the Court described the gatekeeping function of the district court to ensure expert testimony and evidence "is not only relevant, but reliable." <u>Id.</u> at 589. As stated in the Advisory Committee Notes accompanying Rule 702 of the Federal Rules of Evidence, "A review of the case law after <u>Daubert</u> shows that the rejection of expert testimony is the exception rather than the rule." <u>See</u> Advisory Committee Notes to the 2000 Amendment to Rule 702. In addition, the trial judge is afforded broad discretion in deciding <u>Daubert</u> issues. <u>See</u> <u>Kuhmo Tire Co. v. Carmichael</u>, 526 U.S. 137, 152 (1999).

In <u>Rink v. Cheminova, Inc.</u>, 400 F.3d 1286 (11th Cir. 2005), the Eleventh Circuit set forth a three-pronged approach for doing so:

> To fulfill their obligation under <u>Daubert</u>, district courts must engage in a rigorous inquiry to determine whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

<u>Id.</u> at 1291 (internal citations omitted).  The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence. <u>Id.</u> at 1292; <u>see also</u> <u>Allison v. McGhan Med. Corp.</u>, 184 F.3d 1300, 1306 (11th Cir. 1999).

    **A.**    **Raines is Qualified**

Raines is a decorated military veteran who, after serving in the Vietnam War, obtained a Bachelor of Science in Accounting at Fairleigh Dickinson University and became a Certified Public Accountant. (Doc. # 44-2 at 5).  He has been employed as the Controller of a number of corporations, and, at this time, he is the CFO of Nu-Meat Technology, Inc. (<u>Id.</u>). Raines has prepared the financial statements of Health and Sun for the past eight years.

In support of the Motion to Strike, Australian Gold highlights Raines's inexperience with trademark law. Australian Gold focuses on the following testimony from Raines's deposition:

```
Q:   Have you ever prepared a trademark valuation?
A:   No.
Q:   Have you ever prepared, previously prepared a
     trademark damages analysis?
A:   No.
...
Q:   Have you studied the trademark statute at all?
A:   No.
```

```
Q:   Have you studied the trademark damages
     statute?
A:   No.
Q:   Have you read any court [d]ecisions on
     trademark infringement?
A:   No.
Q:   Have you read any court [d]ecisions on
     trademark infringement damages?
A:   No.
Q:   Have you read any books or treatises or
     articles on trademark infringement damages?
A:   None that I specifically remember.
Q:   Have you taken any classes on how to calculate
     trademark infringement damages?
A.   Not specifically, no.
```

(Raines Dep. Doc. # 44-1 at 10:9-13, 13:9-24).

Australian Gold emphasizes that Raines has never offered expert testimony before and that he has never previously testified in a courtroom.

After reviewing the parties' submissions, the Court determines that Raines possesses the qualifications necessary to offer expert testimony. Raines has held a CPA license for over forty years and has served as the Controller of a number of corporations. In addition, he has particular familiarity with Health and Sun's financial information owing to the fact that he has conducted annual reviews of Health and Sun's financial statements for the past eight years.

The Court agrees that Raines is not an expert on trademark law. However, because Raines has not been offered in that capacity, his lack of expertise in that area is not

-6-

dispositive of his qualifications. Furthermore, the Court gives short shrift to Australian Gold's contention that Raines is unqualified because he has never offered expert testimony in the past. "The mere fact that [the expert] never has been <u>retained</u> as an expert is irrelevant. By that logic, <u>no witness</u> could ever qualify as an expert for the first time because that would require being retained <u>previously</u> as an expert." <u>Catapult Commc'ns Corp. v. Foster</u>, No. 06-cv-6112, 2010 WL 659072, at *2 (N.D. Ill. Feb. 19, 2010)(emphasis in original). As aptly stated in <u>United States v. Parra</u>, 402 F.3d 752, 758 (7th Cir. 2005), "[t]here is a first time in court for every expert."

Rather, the Court determines that Raines's CPA license, relevant work experience, and familiarity with Health and Sun's financial data render him sufficiently qualified to offer expert testimony in this case. See <u>QBE Ins. Corp. v. Jorda Enters., Inc.</u>, No. 10-21107, 2012 WL 913248, at *3 (S.D. Fla. Mar. 16, 2012)("The qualification standard for expert testimony is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility.")(internal citation omitted). "[A]fter an individual satisfies the relatively low threshold for

qualification, the depth of one's qualification may be the subject of vigorous cross-examination." Id.

On cross-examination, Australian Gold may elicit testimony from Raines highlighting that Raines has never offered expert testimony before and that he has not studied the relevant trademark statutes. However, these points do not render Raines unqualified for the purposes of the Court's Daubert analysis.

### B.  Raines's Methodology

To summarize Raines's methodology, Raines has calculated Health and Sun's potential damages by analyzing Australian Gold's sales of its allegedly infringing products known as Purple Reign and Royal Flush. Australian Gold seeks an Order excluding Raines's testimony by characterizing Raines's methodology as unreliable. Australian Gold tends to argue that Raines should have used a different formula to calculate damages – for instance, that Raines should have included data about Australian Gold's costs and expenses in formulating its competing products. Australian Gold also asserts that Raines did not analyze any baseline to show lost sales or analyze Health and Sun's capacity to make sales.

Australian Gold's arguments can be boiled down to the contention that Raines should have used different formulas in

-8-

computing his damages calculation. The Court is not convinced by Australian Gold's position. In <u>Taylor, Bean & Whitaker Mortgage Corp. v. GMAC Mortgage Corp.</u>, No. 5:05-cv-260-Oc-GRJ, 2008 WL 3819752, at *5 (M.D. Fla. Aug. 12, 2008), when evaluating the admissibility of an accounting expert's damages testimony, the court rejected the argument that the expert's testimony should be excluded because his opinions differed from the other party's experts, including using a different formula. The court noted:

> [T]hese arguments go more to the weight of the evidence, than the admissibility of the evidence under <u>Daubert</u>. The Court need not determine that the expert [defendant] seeks to offer into evidence is irrefutable or certainly correct. The certainty and correctness of [the expert's] opinion will be tested through cross-examination and presentation of contrary evidence and not by a <u>Daubert</u> challenge. Indeed the Court's role as gatekeeper is not intended to supplant the adversary system or the role of the jury.

<u>Id.</u>

The Court is in accordance with the reasoning espoused in <u>Taylor, Bean & Whitaker</u>. While Australian Gold has identified variables that are absent from Raines's calculations, Australian Gold has not shown that Raines's testimony rests on an infirm foundation. The Court determines that Raines's methodology is sufficiently sound and reliable to withstand Australian Gold's <u>Daubert</u> challenge. Australian Gold is

-9-

reminded that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Allison, 184 F.3d at 1311-12 (quoting Daubert, 509 U.S. at 596).

### C. Raines Will Assist the Trier of Fact

Expert testimony is helpful to the trier of fact "if it concerns matters that are beyond the understanding of the average lay person." United States v. Frazier, 387 F.2d 1260, 1262 (11th Cir. 2004). In other words, "[p]roffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

As asserted by Health and Sun, "Raines applied his knowledge, skill, experience, training, and education as a CPA with more than forty years of experience to offer his opinion as to the value of Health and Sun's lost sales." (Doc. # 49 at 18). As persuasively noted in De Jager Construction, Inc. v. Schleininger, 938 F. Supp. 446, 449 (W.D. Mich. 1996): "certified public accountancy is a skilled profession which requires, in many instances, considerable education, training, experience, judgment and skill beyond that which an ordinary juror would possess." Thus, "a CPA generally possesses the

specialized knowledge to qualify as a helpful expert witness under the proper circumstances." Id. The Court finds that the present case is such a case, where a CPA may offer expert testimony to assist the trier of fact. The Court accordingly denies the Motion to Exclude Raines's testimony. However, the Court notes that, during the trial, the Court may revisit this ruling in the instance that Australian Gold demonstrates that any prong of Rule 702 is unfulfilled.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Australian Gold, LLC's Sealed Motion to Exclude Testimony of Gary L. Raines (Doc. # 44) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>19th</u> day of November, 2013.

                                VIRGINIA M. HERNANDEZ COVINGTON
                                   UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record