```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

HEALTH & SUN RESEARCH, INC.
d/b/a Kava Kava Intl. and
Vegas Tan,

          Plaintiff,
v.                                   Case No. 8:12-cv-2319-T-33MAP

AUSTRALIAN GOLD, LLC,

          Defendant,
_____/

AUSTRALIAN GOLD, LLC,

          Counter-Plaintiff,
v.

HEALTH & SUN RESEARCH, INC.
d/b/a Kava Kava Intl. and
Vegas Tan,

          Counter-Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Health and Sun Research, Inc.'s Motion for Reconsideration (Doc. # 67), which was filed on December 13, 2013. Australian Gold, LLC filed a Response in Opposition to the Motion (Doc. # 68) on December 16, 2013. For the reasons that follow, the Court denies the Motion for Reconsideration.

**I.  Legal Standard**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th

Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist.

2

LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (Internal citation and quotation marks omitted).

## II. Discussion

On November 25, 2013, the Court entered an Order granting in part and denying in part Australian Gold's Motion in Limine. (Doc. # 60). Therein, the Court barred Health and Sun from introducing exemplars of its Purple Rain and Royal Flush products during trial based on Health and Sun's failure to disclose the exemplars to Australian Gold during discovery. The Court explained:

> During discovery, Australian Gold requested that Health and Sun produce "an exemplar of each product sold by Health & Sun having either of the Purple Rain or Royal Flush marks affixed thereto." (Doc. # 47 at 4). Health and Sun responded that it would produce the requested items. (Doc. # 47-2 at 10). However, it is undisputed that Health and Sun never tendered an exemplar to Australian Gold for either Purple Rain or Royal Flush.

(Doc. # 60 at 3).

Health and Sun has yet to produce a single exemplar of its products to Australian Gold; nevertheless, Health and Sun requests an Order of reconsideration from this Court allowing Health and Sun to introduce evidence of its exemplars at trial. Health and Sun does not suggest that the Court

3

improperly applied the rule of law to the facts presented. Nor has Heath and Sun pointed to a change in the governing law. Rather, Health and Sun argues that it would be "fundamentally unfair" to allow Australian Gold to introduce evidence of its products at trial while disallowing Health and Sun's presentation of like evidence. (Doc. # 67 at 1). Health and Sun asserts that Australian Gold "is now seeking to do precisely what it claimed was done to it - surprise [Health and Sun] with a new exhibit that was never disclosed." (Id. at 2). However, Australian Gold points out "a fundamental difference" – that is: "Health and Sun never requested product exemplars from Australian Gold" during the discovery period. (Doc. # 68 at 1). Furthermore, because Health and Sun's lawsuit is based on the existence of Australian Gold's allegedly infringing products, Health and Sun can hardly claim surprise concerning the existence of those same products. In comparison, when Australian Gold repeatedly requested exemplars from Health and Sun, Health and Sun indicated that it had nothing to produce.

The Court disagrees with Health and Sun's assertion that "[b]oth [parties' exemplars] should come in or none at all." (Doc. # 67 at 1). The record shows that Australian Gold requested exemplars from Health and Sun and that Health and

4

Sun failed to produce them (and has still yet to produce them). This finding justifies the exclusion of Health and Sun's exemplars, and Health and Sun has not demonstrated the existence of any factor warranting reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Health and Sun Research, Inc.'s Motion for Reconsideration (Doc. # 67) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record